IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DOUGLAS McLEAN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NATHAN D. WRIGHT and USF REDDAWAY, INC., an Oregon corporation,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:09-cv-682-DAK-PMW<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Nathan D. Wright and USF Reddaway, Inc.'s (collectively, "Defendants") motion for a protective order.[2] The court has carefully reviewed the written memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

This case arises out of a rear-end collision between a semi-truck and a small passenger bus ("Bus"). Douglas McLean ("Plaintiff") was a passenger in the Bus at the time of the

---

[1] *See* docket no. 19.

[2] *See* docket no. 17.

collision. In anticipation of the claims arising out of the collision, Defendants retained a consulting expert, John J. Gordon ("Gordon"). Defendants employed Gordon to conduct an investigation of the condition of the Bus but have not designated Gordon as an expert who will testify at trial in this case. Jay Pryzbyla ("Pryzbyla"), an expert retained by other occupants of the Bus at the time of the collision, personally supervised Gordon's investigation of the Bus. As part of his investigation, Gordon found an allegedly failed electrical splice. During Gordon's inspection of the splice, it became detached from the Bus. In order to preserve the splice, Gordon bagged it and stored it with his notes. According to Defendants, Gordon has not conducted any tests on the splice and it remains in the same condition in which it was discovered by Gordon. Defendants have offered to send the splice to Plaintiff, but Plaintiff has apparently refused that offer and has instead expressed an intention of deposing Gordon.

In their motion for a protective order, Defendants argue that rule 26(b)(4)(B) of the Federal Rules of Civil Procedure prevents Plaintiff from deposing Gordon or discovering his reports because Defendants have not designated Gordon as an expert who will testify at trial. Rule 26(b)(4)(B) provides:

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
> (i) as provided in Rule 35(b); or
> (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4)(B).

2

It is undisputed that the first exception set forth in the rule is inapplicable here. Rule 35(b) of the Federal Rules of Civil Procedure, which governs reports prepared by examiners after court-ordered physical or mental examinations, is not implicated by Defendants' motion. *See* Fed. R. Civ. P. 35(b). The second exception, however, is at issue as part of Defendants' motion, and a party seeking disclosure under that exception "carries a heavy burden in demonstrating the existence of exceptional circumstances." *Ager v. Jane C. Stormont Hosp. & Training Sch. for Nurses*, 622 F.2d 496, 503 (10th Cir. 1980) (quotations and citation omitted).

Defendants argue that exceptional circumstances do not exist in this case because Plaintiff had, and continues to have, the same access to the Bus and the same opportunity to conduct his own investigation of the Bus. Defendants further assert that Plaintiff cannot demonstrate that the information he seeks from Gordon is not obtainable from other sources. Specifically, Defendants contend that Plaintiff has ready access to Pryzbyla, who personally supervised and can answer any questions about Gordon's investigation. Defendants also point to Gordon's affidavit, which was submitted along with the memorandum in support of the instant motion.

In his brief response to Defendants' motion, Plaintiff asserts that he does not intend to seek any opinions or reports from Gordon. Instead, Plaintiff contends that he requested a limited deposition of Gordon to learn only about the facts of the investigation, including Gordon's physical alteration and possession of evidence from the Bus. Plaintiff argues that Defendants' offer to provide the electrical splice is not sufficient because it does not provide any information about Gordon's removal of the splice or about whether the rear lights of the Bus were working

before Gordon removed the splice. Notably, Plaintiff does not cite or reference rule 26(b)(4)(B) and does not specifically argue that exceptional circumstances exist.

In their reply, Defendants argue that Plaintiff's assertion that he is seeking only facts from Gordon is in direct conflict with rule 26(b)(4)(B), which generally prohibits a party from discovering "*facts known* or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial." Fed. R. Civ. P. 26(b)(4)(B) (emphasis added). Defendants also argue that Plaintiff has failed to carry his heavy burden of establishing exceptional circumstances. Defendants correctly note that Plaintiff failed to argue that he did not have the same access to the Bus and the same opportunity to conduct his own investigation of the Bus. Defendants also correctly note that Plaintiff failed to argue that the factual information he seeks is not obtainable from other sources. Defendants further assert that the factual information Plaintiff seeks is indeed available from other sources. Defendants again note that Plaintiff continues to have access to the Bus and the unaltered electrical splice. In addition, Defendants reiterate that any information about Gordon's investigation and removal of the splice is readily available from Gordon's affidavit and Pryzbyla.

The court agrees with Defendants' arguments and has determined that Plaintiff has failed to carry his heavy burden of demonstrating the existence of exceptional circumstances. Plaintiff continues to have access to the Bus and the unaltered electrical splice, which provides him with the opportunity to conduct his own investigation. Furthermore, the additional information Plaintiff seeks from Gordon is readily available from other sources. Finally, the court finds it

noteworthy that Plaintiff failed to address any of these points in his response to Defendants' motion.

Because Plaintiff has failed to demonstrate the existence of exceptional circumstances, the second exception to rule 26(b)(4)(B) is inapplicable here. Accordingly, the court concludes that rule 26(b)(4)(B) prevents Plaintiff from deposing Gordon or discovering his reports. *See id*. Consequently, Defendants' motion for a protective order[3] is **GRANTED**.

**IT IS SO ORDERED**.

DATED this 21st day of April, 2010.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[3] *See* docket no. 17.